UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIX MONTANEZ | : | |
| | : | PRISONER |
| v. | : | Case No. 3:02CV2308 (CFD) |
| | : | |
| V. SHIVY | : | |

**RULING ON PENDING MOTIONS**

The plaintiff, Felix Montanez, is currently incarcerated at the State of Connecticut Carl Robinson Correctional Institution in Enfield, Connecticut. He filed this civil rights action under 42 U.S.C. § 1983 pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The defendant is Dr. Victor Shivy, a dentist at the Cheshire Correctional Institution. The defendant has filed a motion to dismiss, and Montanez has filed a motion for summary judgment. For the reasons that follow, the motion to dismiss is granted in part and denied in part and the motion for summary judgment is denied.

**I.      Motion for Summary Judgment**

Montanez claims that the defendant has failed to timely file a response to the complaint, and asks the court to enter summary judgment in his favor. However, the court granted the defendant an extension of time until May 25, 2004, to file a response to the complaint and on May 21, 2004, the defendant filed a motion to dismiss the complaint. Because the defendant is not in default for failure to respond to the complaint, the plaintiff's motion for summary judgment is denied.

**II.     Motion to Dismiss**

The defendants seek to dismiss the case on four grounds. Montanez has filed an opposition to the motion.

A.    **Standard of Review**

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

B.    **Facts**

For purposes of deciding this motion, the court accepts as true the following allegations taken from the complaint.

During all times relevant to the incidents described in the complaint, Montanez was confined at the Cheshire Correctional Institution. In July 2001, he experienced inflammation on the left side of his jaw. The medical department at Cheshire provided Montanez with pain medication, but his pain did not subside. On June 21, 2002, Montanez filed an administrative grievance complaining of that pain. He also claimed that he had requested to see a dentist six months prior to filing the grievance, but had not been scheduled for dental services. In response to the grievance, the medical department indicated that Montanez had been placed on the oral surgery list. Montanez did not appeal immediately because, he claims, that response was returned without an administrative grievance appeal form.

On October 26, 2002, Montanez filed his administrative appeal because he had still not been evaluated by a dentist, and he continued to experience pain in his jaw. Dr. Shivy finally

examined Montanez on December 3, 2002.  Montanez pointed out to Dr. Shivy that he had undergone a root canal on a tooth near the tooth that was causing him pain.  Dr. Shivy then asked Montanez if he wished to have the painful tooth extracted, and he agreed.

During the procedure, Montanez saw pieces of tooth or bone "fly from his mouth."  Dr. Shivy attempted to extract the tooth, but was unsuccessful.  He then used a drill on the tooth while moving Montanez's head from side to side.  Montanez smelled burned bone and saw smoke coming from his mouth.  Dr. Shivy finally extracted a tooth and Montanez was transported back to his cell, where he fainted.  Montanez had been handcuffed, shackled and sedated during the procedure.

On December 4, 2002, Montanez awoke in "tremendous pain," and discovered that Dr. Shivy had extracted the wrong tooth.  Instead of pulling the infected tooth, Dr. Shivy pulled the tooth that had recently undergone a root canal.   Montanez immediately filed an inmate request with the dental department and asked to be seen as soon as possible.  On December 5, 2002, Montanez was still in great pain and received pain medication from a nurse.  He complained again to the medical department on December 6, 2002, stating that he was still in pain, his gum was infected, and the area where the tooth had been pulled was still bleeding.  A nurse provided him with pain medication.

On December 7, 2002, the pain in Montanez's jaw awakened him and he filed an emergency grievance that a correctional officer hand-delivered to the medical department. The medical department did not respond until the following morning.  The medical department then provided him with pain medication and an antibiotic.  On December 9, 2002, a "Dr. Ruiz"

examined Montanez and prescribed pain medication. Dr. Ruiz indicated that he would speak to Dr. Shivy about the course of action that should be undertaken.

Montanez's pain continued despite medication. He alleges that the pain medication was discontinued due to his adverse reaction to it. The infected tooth still has not been treated.

Montanez seeks declaratory and injunctive relief and monetary damages from Dr. Shivy.

### C.    Discussion

The defendant asserts four grounds in support of his motion to dismiss: (1) all claims should be dismissed because Montanez has not exhausted his administrative remedies; (2) all claims against Dr. Shivy in his official capacity for damages are barred by the Eleventh Amendment; (3) he is entitled to sovereign and statutory immunity as to the state law claims; and, (4) he is protected by qualified immunity.

#### 1.    Exhaustion of Administrative Remedies

As mentioned, the defendant argues that Montanez has not fully exhausted his administrative remedies. Although Montanez indicates that he filed some inmate request forms and grievances, the defendant contends that he did not file a grievance after he met with Dr. Ruiz on December 9, 2002, and did not appeal an emergency grievance filed on December 7, 2002. Montanez does not address this argument.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing an action in federal court, see Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), regardless of whether the inmate may obtain the specific

relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001).

The Second Circuit has characterized the failure to exhaust administrative remedies as an affirmative defense. "A defendant in a prisoner § 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements [that plaintiff first exhaust all administrative remedies]." Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). By describing non-exhaustion as an affirmative defense, the Second Circuit suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss. Rather, the defendants must present proof of non-exhaustion. See also Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002) ("in the Second Circuit, failure to comply with the PLRA's exhaustion requirement is viewed as an affirmative defense . . . and . . . defendant bears the burden of proving plaintiff's failure to comply with the exhaustion requirement")(citations omitted); Hallett v. New York State Dep't of Correctional Serv., 109 F. Supp. 2d 190, 196-97 (S.D.N.Y. 2000) (same).

The administrative remedies for inmates in the custody of the Connecticut Department of Correction are set forth in Administrative Directive 9.6. In October 2002, Directive 9.6, section 6C, entitled "Treatment and Diagnosis Review", was added. This section provides:

> If an inmate wishes to appeal a medical diagnosis or prescribed treatment, the inmate shall request a Physician Sick Call Appointment at no cost to the inmate. This appointment will provide the inmate an opportunity to discuss the issue with the Physician. The contents of this meeting, to include the final decision on diagnosis and/or treatment, shall be explicitly documented in the inmate's medical file. Only one appeal per diagnosis and/or treatment shall be permitted.

The allegations in Montanez's complaint concerning the treatment provided by Dr. Shivy

concern matters which occurred in December 2002. Thus, Montanez was required to comply with this new amendment to Administrative Directive 9.6[1]. Montanez alleges that on December 4, 2002, he submitted an inmate request form seeking dental treatment because Dr. Shivy extracted the wrong tooth. He attaches that form as well as an emergency grievance form dated December 7, 2002, in which he seeks dental treatment to evaluate the problems with his teeth due to the improper extraction. Montanez was examined by a physician on December 9, 2002, who indicated that he would discuss his symptoms with Dr. Shivy. Thus, Montanez may have complied with the new medical claim section of Administrative Directive 9.6. Accordingly, the motion to dismiss is denied on the ground that Montanez failed to exhaust his administrative remedies prior to filing this lawsuit, without prejudice to the Defendant filing a motion for summary judgment.

    **2.**        **Eleventh Amendment Immunity**

The defendant argues that any claims for damages against him in his official capacity are barred by the Eleventh Amendment. Montanez also does not address this argument.

Generally, a suit for the recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See Florida Department of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979). The Eleventh Amendment immunity, which protects the state from suits for monetary relief, also protects state officials sued

---

[1] However, see Johnson v Testman, 380 F. 3d 691, 697 (2d Cir. 2004), concerning the sufficiency of notice of an administrative complaint by an inmate.

for damages in their official capacity. See Kentucky v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 101 n.11 (1984).

Montanez filed this action pursuant to 42 U.S.C. § 1983, claiming that the defendant violated an Eighth Amendment right. Montanez does not specify whether he seeks damages from the defendant in his individual or official capacities. To the extent that he seeks damages from the defendant in his official capacity, such claims are barred by the Eleventh Amendment.

Montanez also includes state law claims against the defendant in his complaint. The Eleventh Amendment bars federal suits against state officials on the basis of state law. See Pennhurst, 465 U.S. at 121; Young v. New York City Transit Authority, 903 F.2d 146, 164 (2d Cir.), cert. denied, 498 U.S. 984 (1990). "[T]his principle applies as well to state law claims brought into federal court under pendent jurisdiction." Pennhurst, 465 U.S. at 121. Thus, defendants' motion to dismiss is granted as to both federal and state law claims for money damages against the defendant in his official capacity.[2]

### 3. Injunctive and Declaratory Relief

Montanez seeks declaratory and injunctive relief from the defendant in the form of medical/dental treatment for the left side of his jaw. The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged

---

[2] Because the court dismisses the plaintiff's state law claims against the defendant in his official capacity on Eleventh Amendment grounds, the court need not address the defendant's common law sovereign immunity and statutory immunity arguments.

or transferred to a different correctional institution.  See Thompson v. Carter, 284 F.3d 411, 415 (2d Cir. 2002) (holding that "[a] prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility" and affirming district court's dismissal of claims for prospective injunctive and declaratory relief against defendants from transferor facility) citing Prins v. Coughlin, 76 F.3d 504, (2d Cir. 1996)); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Other courts concur with this result.  See, e.g., McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that inmate's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit).

    Montanez has only sued Dr. Shivy in this action, a dentist at the Cheshire Correctional Institution.  Montanez, though, is now incarcerated at Carl Robinson Correctional Institution.  Thus, all requests for declaratory and injunctive relief are moot.  The claims for declaratory and injunctive relief are dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the district court to dismiss at any time a claim that fails to state a claim upon which relief may be granted).

    **4.**    **Qualified Immunity**

Finally, the defendant argues that he is entitled to qualified immunity.  The doctrine of qualified immunity "shields government officials from liability for damages on account of their performance of discretionary official functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"

Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To determine whether qualified immunity is warranted, the court first must address the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001).

> [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.  This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.

Id.

Construing the complaint in the light most favorable to the plaintiff, the court concludes that it may state a claim for deliberate indifference to a serious medical need.  This right has long been established.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).

If Montanez can prove that Dr. Shivy acted with sufficient scienter and conduct in diagnosing and treating his painful tooth, he could prevail on his claims.  See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) ("certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a 'conscious[] disregard [of] a substantial risk of serious harm.'") (quoting Farmer v. Brennan, 511 U.S. 825 (1994)).  In that event, Dr. Shivy would not be protected by qualified immunity.  Accordingly, defendant's motion to dismiss is denied on this ground.  The defendant may also renew this argument in a motion for summary judgment.

**III.    Conclusion**

The plaintiff's Motion for Summary Judgment [**Doc. # 25**] is **DENIED**.  The defendant's Motion to Dismiss [**Doc. #21**] is **GRANTED** in part and **DENIED** in part.  The motion is granted as to all federal and state law claims for damages against the defendant in his official capacity and denied as to all federal and state law claims for damages against the defendant in his individual capacity.   Temporary injunctive relief is denied.


**SO ORDERED** this 11th day of February, 2005, at Hartford, Connecticut.


      /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**