UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

MAR 10 2005

2005 APR -8 P 3: 35

U.S. DISTRICT COURT
BRIDGEPORT CONN.

FELIX MONTANEZ,
   Plaintiff

  v.        CASE NO: 3:02CV2308(CFD)

          DATE: MARCH 03, 2005

V. SHIVY,
   Defendant

PLAINTIFF'S RESPONSE TO THE COURT'S
RULING OF FEBRUARY 11, 2005

On page nine of the court's ruling, the Honorable U.S. District Court Judge Droney states that "if Montanez can prove that Dr. Shivy acted with sufficient scienter and conduct in diagnosing and treating his painful tooth, he could prevail on his claims." The Plaintiff asserts that this is a case of medical malpractice and it certainly rose to the level of deliberate indifference; it involves culpable recklessness and the Doctor proceeded with a total disregard of substantial risk of serious harm. The Plaintiff will show herein that the Defendant, Dr. Shivy failed to make the correct dianosis thereby perpetuating the Department's of Corrections medical mission statement, "We don't care."

The Defendant argues that the Plaintiff Montanez did not fully exhaust his administrative remedies and that he failed to file a grievance after he met with Dr. Ruiz on December 9, 2002 and that he didn't appeal the emrgency grievance filed on December 7, 2002.

DISCUSSION:

Once again, the Plaintiff states that he is not a medical doctor or a doctor of sental medicine and that due to the careless indifference of the medical staff, he was left to his own devices to dianose his condition. That is why he was convinced that his source of pain and extreme discomfort came from a problem with his teeth. Exhibits 7, 7A are again attached to show the Plaintiff making hints at what he believed was his problem. This is an inmate evaluating a medical problem, an inmate who is in agony and seeking help for his problem.

Mr. Montanez began filing medical requests to address his problems since 1998 [See Exhibit #10] and 'following institutional rules', see also [Exhibit # 8-A, 8-B and 8-C]. It is a known and accepted fact that when an inmate uses the grievance procedure to attack the lack of medical or dental care, he only makes the problem worse. Assistant Attorneys General have been quoted that they would rather pay an occasional settlement for an abused inmate than the constant care that an inmate might need - it's cheaper! Hence, their "We don't care" attitude. The fact is that months before the Plaintiff met with Dr. Shivy, he was forced to file a grievance form on June 22, 2002 because he had exhausted all other remedies - but still to no avail. This grievance was not appealed because it was not denied. Again, a typical response is "compromise - which would indicate they were offering a remedy. The Plaintiff was placed on an Oral surgeon's list for "evaluation". After waiting another four (4) months, the Plaintiff filed another grievance (again see attached exhibits).

On December 3, 2002, the Plaintiff was transported to Manson Youth Facility (MYI) where he met with Dr. Shivy. The Plaintiff pointed out his complaint(s); jaw and face inflamation and other medical

observations as the Plaintiff had indicated on numerous requests. Dr. Shivy proceeded without taking any X-Rays and brutely extracted a pefectly good tooth - one with a crown that had had a root canal. Mr. Montanez again complained that the Dr. had "pulled the wrong tooth." Request(s) that were never answered. The Plaintiff then filed a third grievance on December 7, 2002 and was marked a "Health Emergency". It was returned on December 17, 2002 marked "Rejected".

At this point the Plaintiff was totally beside himself. His face was blown up to the size of a baseball that he started on December 9, 2002 to address the federal court on this matter (see exhibit #9).

HISTORY:

The Plaintiff, as a matter of setting the history straight, had his root canal done professionally at Grate Brook Valley, Worcester Massachusetts Health Clinic on or about 1993-1994. In 1996, he had all of his teeth checked and maintained by Broad Street Dental in Hartford. Everything was checked and cleaned before his entrance into the Dept. of Corrections in 1997.

On top of not one, but two teeth being wrongfully pulled, the Defendant messed up the Plaintiff's jaw area in that a piece of bone that held the tooth in front of the canal extracted was broken and a good tooth left loose. (See Exhibit #15)

The Plaintiff then went to UCONN Health Clinic for an evaluation. There, a Dr. Spiro, a professional neck, jaw and face expert evaluated the Plaintiff. The diagnosis was made that Mr. Montanez's problems were not with his teeth. He was suffering for a long time with a recurrent episode(s) of sialadenitis with infections.

- 3 -

This causes swellings to the jaw, gums, face, neck and as a result the glands fill with an excess of blood and pus. The Plaintiff was scheduled for a surgical excision for December 19, 2003. (see Exhibit # 11). He went into surgery and had one gland removed. This proves beyond a reasonable doubt that Dr. Shivy acted with continued careless indifference and it rose to the level of medical malpractice.

The Plaintiff continues to suffer from the same condition and and will probably have permenant injuries as a result. Surely more surgery will be necessary. (See Exhibit's #12, 13, 14.)

CONCLUSION:

On December 3, 2002, the Defendant failed to provide correct protocol, making a serious error, creating more serious medical and dental problems by his deliberate indifference to the patient's health and well being.

THEREFORE, the Plaintiff prays that this Honorable Court will find the Defendant liable for failure to make the proper and correct diagnosis, with sufficient scienter and conduct and by so doing put the Plaintiff, Montanez's life at risk and by disregarding proper protocol acted in a reckless manner.

Respectfully,
THE PLAINTIFF

FELIX MONTANEZ, Pro-se
Carl Robinson C.I. # 121090
P.O. Box 1400
Enfield, CT 06083

C E R T I F I C A T I O N
--------------------------

This is to certify that a copy of the foregoing Response was mailed this date, postage prepaid, to the Office of the U.S. Attorney whose appearance is on file with this court.

Dated this **4th** day of March 2005, under the penalty of perjury, at Enfield, CT.

TO:

Kathleen A. Keating, Esq.
Asst. Attorney General
110 Sherman Street
Hartford, CT 06105

FELIX MONTANEZ, Pro-se
Carl Robinson C.I. 121090
P.O. Box 1400
Enfield, CT 06083